UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANTA G. PHILLIPS-BERRY                          CIVIL ACTION

VERSUS                                            NUMBER: 18-7738

PATRICIA BLACKWELL                                SECTION: "F"(5)
SCURLOCK, ET AL.

**REPORT AND RECOMMENDATION**

The above-captioned matter previously came before the Court pursuant to Local Rule 72.1(B)(1) for a determination of pauper status under 28 U.S.C. §1915. (Rec. docs. 2, 5).

Citing LSA-C.C. Art. 2315(A) and 42 U.S.C. §1983, Plaintiff brings this lawsuit for the ostensible purpose of exposing a reported conspiracy among "willing and unwilling" individuals in which citizens of the state are being harmed, threatened, and assaulted on a daily basis. Plaintiff relates that her body has become an experiment without her consent whereby it is injected with implants that result in pain and damage to her health and thoughts. Plaintiff charges the named Defendants with using government funds to further their criminalistic behavior, to pursue false insurance claims, to advance corruption, and to promote acts constituting malpractice. The precise relief sought by Plaintiff is not readily apparent based upon a review of her principal pleading. (Rec. doc. 1).

As noted above, Plaintiff is proceeding *in forma pauperis* in this matter pursuant to 28 U.S.C. §1915. (Rec. doc. 5). As mandated by that statute, courts are directed to dismiss such matters at any time it is determined, *inter alia*, that the action is frivolous. 28 U.S.C. §1915(e)(2)(B)(i). A complaint is frivolous if the claims alleged therein have no arguable basis in law or fact. *Booker v. Koonce*, 2 F.3d 114, 115 n. 6 (5th Cir. 1993). Factual frivolousness includes those allegations that are fanciful, fantastic, and delusional. *Denton v.*

*Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733 (1992); *Ancar v. SARA Plasma*, 964 F.2d 465, 468 (5th Cir. 1992). Indeed, "[w]hen a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court. *Dilworth v. Dallas County Comm. College District*, 81 F.3d 616, 617 (5th Cir. 1996). Dismissal under the "substantiality doctrine" is reserved for complaints containing "truly fanciful allegations" such as those "… suggesting bizarre conspiracy theories, fantastic manipulations of their will or mind, and any sort of supernatural interventions …" *McCastle v. United States*, No. 15-CV-0420, 2016 WL 7496170 at *2 (E.D. Tex. Nov. 14, 2016), *adopted*, 2016 WL 7626595 (E.D. Tex. Dec. 30, 2016).

Measured by the foregoing standards, Plaintiff's complaint should be dismissed as frivolous for being fantastic, delusional, and wholly incredible. *Thibeaux v. Cain*, 425 Fed.Appx. 399 (5th Cir. 2011)(action regarding wire implanted in plaintiff's body which was used to monitor him); *Thibeaux v. Gee*, No. 18-CV-0004, 2018 WL 2054589 at *3 (M.D. La. Mar. 16, 2018), *adopted*, 2018 WL 2050152 (M.D. La. May 2, 2018((same); *Thibeaux v. Gee*, No. 17-CV-0668, 2017 WL 6884338 at *3 (M.D. La. Nov. 3, 2017), *adopted*, 2018 WL 343890 (M.D. La. Jan. 9, 2018)(same); *McCastle*, 2016 WL 7496170 at *2. The facial frivolity of Plaintiff's complaint also implicates the substantiality doctrine and warrants dismissal on that basis as well. *McCastle*, 2016 WL 7496170 at *2. Further, as to the first-listed Defendant, Patricia Blackwell Scurlock, Plaintiff's allegations in this lawsuit are largely duplicative of those presented in *Phillips-Berry v. State of Louisiana, et al.*, No. 18-CV-6037 "F"(4) and are thus malicious under §1915(e)(2)(B)(i). *Bailey v. Thompson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Given Plaintiff's wholly conclusory and thus insubstantial allegations of a conspiracy, *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991), the necessary state action element

required under §1983 is lacking as to Defendants Joseph Albe and Robert Lenter and Doctors Thaddeus L. Teaford and Mahmoud M. Sarmini. Similarly, the collective "U.S. States Military" is not a state actor acting under color of state law as §1983 requires. *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987). State action is equally absent with respect to the entirety of the Ochsner and East Jefferson Healthcare Systems, Facebook, Uber, Lyft, Hollywood Productions, Gulf Coast Bank and Trust Company, Uncle Bob's Storage, and Enterprise Leasing Company. Finally, the various Louisiana Departments named as Defendants herein are not considered to be "persons" subject to suit under §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). For all these reasons, it will be recommended that Plaintiff's suit be dismissed as frivolous under §1915(e)(2)(B)(i).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

New Orleans, Louisiana, this __4th__ day of _____September_____, 2018.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

4